ABRAM WEEKS, RESPONDENT, *v.* GEORGE HART, APPELLANT.

*Juror — may dissent from a verdict at any time before it is recorded.*

Upon the polling of a jury one of them stated that he was not satisfied with the verdict. Having stated, in answer to a question put by the court, that he had agreed to the verdict, the court, against the objection of the defendant's counsel, directed the verdict to be entered.

*Held,* that this was error, that the right of a juror to dissent from a verdict to which he has before agreed, is not lost until the verdict has been recorded.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Reginald Hart,* for the appellant.

*J. S. Millard,* for the respondent.

GILBERT, J.:

When the jurors were polled one of them responded that he was not satisfied with the verdict. The court asked the juror if he had not agreed to the verdict, and the juror responded that he had. The defendant's counsel objected to the entry of the verdict, the court overruled the objection and the defendant's counsel excepted. Whereupon the court directed the verdict to be entered. That direction was clearly erroneous. The jury should have been sent back for further deliberation. The right of a juror to dissent from

a verdict to which he had before agreed, is not lost until the verdict has been recorded. Any expression of dissent before that has been done, destroys the unanimity which is essential to make a verdict valid. (*Labar* v. *Koplin*, 4 Coms., 550, and cases there cited; 3 Waite's Pr., 192.)

This error being decisive it is unnecessary to consider the other questions presented.

The judgment and order must be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.